**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY PETER LAHEY LLC EOE,

    Plaintiff,

v.

WILLIAM MASON HUDSON, et al.,

    Defendants.

Case No. 1:22-cv-740

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Timothy Lahey has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

The undersigned takes judicial notice of the fact that the same Plaintiff has initiated two prior cases in this Court that were dismissed on initial screening. In Case No. 2:22-cv-3470-MHW-CMV, filed earlier this year, the Court noted that the complaint lacked clarity and contained "numerous 'irrational or wholly incredible' allegations." *Id*., Doc.5 at 3, PageID 17. There, the complaint was "made up entirely of disjointed and ungrammatical phrases" that provided "insufficient factual content or context from which the Court could reasonably infer that Defendant(s) violated Plaintiff's rights." *Id.* at 3-4, PageID 17-18. The Court dismissed Case No. 2:22-cv-3470-MHW-CMV pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

In another case filed by Plaintiff two years ago, Case No. 1:19-cv-620-SJD-SKB, the undersigned described Plaintiff's complaint as "difficult to decipher." (Doc. 4 at 3, PageID 22). Noting "scant…clues" concerning the nature of any claim, the undersigned concluded that Plaintiff had failed to allege sufficient factual "detail from which this Court can discern any conceivable claim" against the identified Defendant, Bill Gates. Case No.

3

1:19-cv-620-SJD-SKB was dismissed for failure to state any claim under state or federal law, as well as for lack of subject matter jurisdiction.

Plaintiff's Statement of Claim in the above-captioned case is just as difficult to understand as the complaints that he filed in his prior cases. As in Case No 2:22-cv-3470-MHW-CMV, the Statement consists of disjointed and ungrammatical phrases that are difficult to decipher in any coherent fashion. By way of example, one "sentence" (words following a period and ending with a period) reads as follows: "Given Ohio Legacy Bank as Usury of Ohio Bureau of Motor Vehicles Magnetic Strips of Drivers, as 8th Grade Education in Wooster, OH 1974 Becoming Impeachment Science, Guastack Done [sic] Junior High School." Plaintiff also refers to a long list of additional "Defendants" (including Bill Gates again) even though only Defendants William Mason Hudson and Cindy Hudson are identified in the caption of the complaint. In short, the complaint as written is wholly incomprehensible and offers no detail from which this Court can discern any conceivable claim against any Defendant.

### III. Conclusion and Recommendation

Plaintiff's allegations fail to state any claim against any Defendant under any state or federal law. Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. Because this is the third legally frivolous case that Plaintiff has initiated in this Court, the Court should issue a formal warning that Plaintiff may be subjected to pre-filing restrictions should he continue to file legally frivolous cases. Last, pursuant to 28 U.S.C. § 1915(a), the Court should certify that an appeal of its Order would not be taken in good

faith, and should deny Plaintiff is denied leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

                                                              *s/Stephanie K. Bowman*
                                                              Stephanie K. Bowman
                                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TIMOTHY PETER LAHEY LLC EOE.,

    Plaintiff,

    v.

WILLIAM MASON HUDSON, et al.,

    Defendants.

Case No. 1:22-cv-740

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6